(No. 4924— ▮▮▮▮▮▮▮▮)

OKLAHOMA OIL COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1961.*

PANTER, NELSON, ROTHSTEIN AND ALBERT; GIFFIN, WINNING, LINDNER AND NEWKIRK, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

FEARER, J.

The record in this case consists of:

1. Complaint
2. Departmental Report
3. Stipulation
4. Joint motion of claimant and respondent for leave to waive the filing of briefs
5. Order of the Chief Justice granting the joint motion of claimant and respondent for leave to waive the filing of briefs

In accordance with the motion for the waiver of briefs, signed by all parties, and the complaint filed herein, with exhibits attached thereto, it appears that

this claim in the amount of $119.51 is for materials and services and petroleum products purchased from claimant's agent and dealer by respondent, and the invoices herein were not paid due to the fact that the appropriation had lapsed at the time that the claim was submitted.

It was stipulated and agreed that the Departmental Report, signed by Earl McK. Guy, Engineer of Claims, Division of Highways, dated August 5, 1960, and filed under Rule 16 of this Court, is to constitute the record in this case.

It is further stipulated that by said report it is acknowledged that the claim is correct, that there was a balance remaining in the appropriation at the time the petroleum products were purchased, and that the invoices would have been paid had they been presented before the lapse of the appropriation.

There seemingly appears to be no dispute as to questions of fact or law in this matter. In previous holdings of this Court, we have allowed claims, which have not been paid because of the lapse of an appropriation, if services rendered and merchandise furnished were satisfactory, and the charges reasonable, and have stated that such claims would be allowed, even though the appropriation had lapsed, if the funds were available at the time that services were rendered, or items were purchased for the State of Illinois.

An award is, therefore, made to claimant in the sum of $119.51.